UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Matthew Leroy Jenkins,

          Plaintiff,

  vs.                           REPORT AND RECOMMENDATION

Joan Fabian and
Daniel Raden,

          Defendants.         Civ. No. 07-401 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

The Plaintiff commenced this action by filing a Complaint seeking relief for various alleged violations of his Federal constitutional rights. See, Docket No. 1. He also filed the current Application to proceed IFP.

On January 29, 2007, we directed the Plaintiff to pay an initial filing fee of $17.90, and provide the Clerk of Court with United States Marshal Service forms by February 28, 2007.  See, <u>Order</u>, <u>Docket No. 3</u>.  On February 22, 2007, the Plaintiff filed a request for an extension of time, until May 28, 2007, in which to provide the required fee, service forms, as well as an "amended original complaint form."  See, <u>Docket No. 4</u>.  We denied his request, in the absence of any showing of good cause, but afforded the Plaintiff one (1) additional month of time, in which to comply with our previous directives.  See, <u>Order</u>, <u>Docket No. 5</u>.  On March 19, 2007, the Plaintiff filed a request for the appointment of counsel, see, <u>Docket No. 6</u>, and a renewed request for an extension of time. See, <u>Docket No. 7</u>.  We denied the Plaintiff's requests on March 20, 2007, see, <u>Docket No. 8</u>, and directed the Plaintiff to submit an initial partial filing fee of $17.90, in order to initiate the action, in accordance with Title 28 U.S.C. §1915(b)(1).  Our Order dated March 20, 2007, afforded the Plaintiff until April 20, 2007, by which to submit to the Clerk of Court the partial filing fee, as well as completed United States Marshal Service forms for each of the named Defendants.  The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order has since expired, and the Plaintiff has failed to comply. Therefore, based on the Plaintiff's failure to comply with our Order dated March 20, 2007, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice. See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by §1915(a)(2), or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated March 20, 2007, and for failure to prosecute.

2. That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

BY THE COURT:

Dated: April 30, 2007    *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 17, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 17, 2007,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.